**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**FLOYD HARRIS** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:06CV43 LTS-RHW**

**ALLSTATE INSURANCE COMPANY**
**and RONALD TUBB** **DEFENDANTS**

**MEMORANDUM OPINION**

The Court has before it Plaintiff Floyd Harris's (Harris) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Harris was a policy holder insured by Defendant Allstate Insurance Company (Allstate) and that Defendant Ronald Tubb (Tubb) was the agent through whom Harris purchased his Allstate policy.

According to the allegations of the complaint, Harris got in touch with Tubb to secure insurance coverage when he purchased a new home near the beach in Hancock County, Mississippi, in November 2004. Harris purchased an Allstate homeowners policy from Tubb. Harris asserts that Tubb described the Allstate policy as a "deluxe" policy that would provide "full coverage" for his new home. Harris alleges that Tubb told him this Allstate policy would provide "everything you need" to be fully insured. Harris was unaware of the availability of flood insurance, and he made no inquiry to Tubb concerning the purchase of flood insurance. Harris alleges that Tubb never indicated that separate flood insurance coverage was available, and that Tubb never gave him any indication that water damage was excluded from coverage under the Allstate homeowners policy Harris purchased. Harris acknowledges receiving a copy of the declarations page of his Allstate policy, but he does not recall ever receiving a copy of the policy itself.

Legal Theory Supporting Removal - Fraudulent Joinder

Allstate's citizenship is diverse from Harris's; Tubb's citizenship is not. If Tubb is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on Allstate's assertion that Harris has fraudulently joined Tubb as a defendant, and, having made that assertion, Allstate bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

Allegations of the Complaint

Harris has alleged that when he purchased his Allstate homeowners policy, Tubb told him that the policy he was buying provided "full coverage" for the insured dwelling and that the policy would provide "everything you need" to be fully insured. (Affidavit of Floyd Harris). Harris contends that Tubb was negligent in making these representations and descriptions of the coverage afforded by the Allstate policy. Harris also contends that Tubb was negligent in failing to tell him that separate flood insurance coverage was available to cover losses from water damage, an excluded peril under the Allstate policy in question.

Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit Harris's theory of recovery and allegations against Tubb.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Harris asserts that at the time he purchased his Allstate policy from Tubb he had no knowledge that the homeowners policy he was buying had a water damage exclusion; he had no knowledge that separate flood insurance policy could be purchased that would cover this excluded water damage; and his complaint is that Tubb never advised him of these facts. Harris alleges that Tubb's description of the coverage afforded by the Allstate policy gave him no indication that he should consider purchasing separate coverage for water damage incurred during a hurricane.

Harris argues that when all of the circumstances surrounding his purchase of the Allstate policy are taken into consideration, they lead to the conclusion that Tubb failed to exercise reasonable care. As I appreciate Harris' theory of liability with respect to Tubb, Harris contends: Tubb knew and should have realized that the insured property was so situated that it was exposed to a risk (water damage) that was excluded by the policy he was selling to Harris; Tubb knew or should have known that the effect of the policy exclusion might not be appreciated or understood by Harris; Tubb knew (and Harris did not) that flood coverage was available to cover the risk that was excluded by the Allstate policy; and reasonable care required that Tubb advise Harris of the availability of that coverage, particularly in light of Harris' indication that he wanted comprehensive insurance protection for his residence.

Of course, the truth of Harris's allegations; the circumstances in which Tubb's alleged representations were made; the question of whether Tubb failed to properly appreciate the circumstances, including Harris's level of awareness concerning the issues of coverage under a homeowners policy and Harris's knowledge concerning the availability of flood coverage; the question whether Harris can prove that his losses were proximately caused by Tubb's actions or inaction, and the question whether Tubb's conduct was negligent, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Harris's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Harris's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Tubb and Allstate have failed to establish that Harris has no viable legal theory upon which he may proceed against Tubb. Under applicable Mississippi law, an insurance agent is under a duty to exercise reasonable care in procuring the coverage that has been requested by a customer. *Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). Negligence is a quintessential question of fact which must, at this juncture, be resolved in favor of the plaintiff.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 24th day of July, 2006.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge